UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JEREMY JAMES DALTON, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:19-cv-00085 |
| SOUTHERN HEALTH PARTNERS, | ) |
| Defendant. | ) |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 60) recommending that the Court deny Plaintiff Jeremy James Dalton's Motion for Summary Judgment (Doc. No. 20). The R&R also recommends that the Court grant Defendant Southern Health Partners' Motion for Summary Judgment (Doc. No. 36) and dismiss this case with prejudice. Plaintiff has filed an objection (Doc. No. 63). For the following reasons, the R&R will be approved and adopted.

**I. BACKGROUND**

The Magistrate Judge has carefully recounted the factual background and procedural history of this case. (Doc. No. 60 at 1–35). As the R&R explains in detail, Dalton is a former inmate of the Fentress County Jail and has Hepatitis C. (Doc. Nos. 1 at 2; 21 at 1–2; 60 at 4). Dissatisfied with the lack of medical treatment for his condition while incarcerated, Dalton brought a claim under 28 U.S.C. § 1983 against Southern Health Partners, a healthcare provider contracted by the jail, for allegedly violating his Eighth and Fourteenth Amendment rights. (Doc. Nos. 1; 60 at 4).

Dalton requests that the Court: (1) require Southern Health Partners to treat his Hepatitis C; (2) allow him to, despite his pro se status, obtain copies of medical tests and treatment, among

other health care information; (3) declare Fentress County liable "to ensure necessary funding to provide cures to diseases"; and (4) require that the County obtain "medical grants." (Doc. No. 60 at 1–2). Dalton filed a Motion for Summary Judgment (Doc. No. 20) but did not file a separate memorandum of law. (See Doc. No. 60 at 4). Instead, Dalton filed a document entitled "Statement of Material Fact," which makes similar allegations as his Complaint. (Doc. Nos. 21 at 1–2; 60 at 4). The Court notes that Dalton's failure to file a separate memorandum of law violates Local Rule 7.01(a)(2); however, the Magistrate Judge appears to have nonetheless considered the Motion in light of Dalton's pro se status. The Court will do so as well.

Defendant filed a cross-motion for summary judgment arguing that: (1) Dalton's claims are moot because he has since been transferred from Fentress County Jail to Grundy County Jail; (2) Dalton has failed to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a); (3) Dalton provides no evidence to support his Motion for Summary Judgment; and (4) Defendant has proffered substantial evidence that it is "medically inadvisable" to treat Dalton's Hepatitis C and that the care it did provide to Dalton was appropriate. (Doc. No. 39 at 2–7).

## II.  STANDARD OF REVIEW

The Court's standard of review for a Magistrate Judge's R&R depends upon whether a party files objections. Where, as here, a party objects to portions of the R&R, the Court reviews those portions *de novo*. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). *De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's R&R. See Hill v. Duriron Co., 656 F.2d 1208, 1215 (6th Cir. 1981); see also 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28

U.S.C. § 636(b)(1)(C).

**III.    THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT**

After explaining the appropriate legal standards under Federal Rule of Civil Procedure 56 (Doc. No. 60 at 37–38), the Magistrate Judge found that Plaintiff failed to exhaust his administrative remedies under the PLRA and that there are no genuine issues of material fact that would preclude summary judgment in favor of Defendant. (Doc. No. 60 at 7). Accordingly, the Magistrate Judge recommended that the Court grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment.

Construing Plaintiff's objections fairly and liberally given his pro se status, the Court finds that they fall under the following two categories: (1) the Magistrate Judge erred in finding that Plaintiff failed to exhaust his administrative remedies under the PLRA because Nurse Nerissa Lowe did not have the authority to respond to his grievances (Doc. No. 63 at 7–8); and (2) the Magistrate Judge erred by finding that there were no genuine disputes of fact regarding whether Defendant's medical treatment was appropriate (id. at 1-3). The Court will address each of these objections below.

A.    Whether Plaintiff Has Exhausted His Administrative Remedies Under the PLRA

Plaintiff objects that, contrary to the R&R's findings (Doc. No. 60 at 44), he exhausted his administrative remedies under the PLRA because Nurse Nerissa Lowe did not have the authority to respond to his grievances. (Doc. No. 63 at 6–8). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Courts have interpreted the exhaustion requirement as completion of "the administrative review process in accordance with the applicable procedural rules . . . [as] defined not by the PLRA, but by the prison grievance process itself." Lee v. Willey, 789 F.3d 673, 677 (6th Cir. 2015) (citing Jones v. Bock, 549 U.S. 199, 218 (2007)). Courts require

3

that a prisoner make "affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable." Napier v. Laurel County, 636 F.3d 218, 223-24 (6th Cir. 2011).

Here, the Court agrees with the R&R that there is no genuine dispute of material fact as to Plaintiff's failure to exhaust his administrative remedies. Defendant has proffered substantial, unrebutted evidence that the prison had grievance procedures of which Plaintiff did not avail himself. (See Doc. No. 38-5). Nor does Plaintiff cite anything in the record that discredits the R&R's conclusion. As the record reflects, Nurse Nerissa Lowe, in her position as Medical Team Administrator, has the authority to respond to medical grievances. (See Doc. No. 39-4). Indeed, Lowe responded to several requests by Plaintiff to provide medical care. (Id.). In short, Plaintiff has not made an "affirmative effort[] to comply with the administrative procedures" that were clearly available to him. Accordingly, the Court agrees that Plaintiff's Motion for Summary Judgment should be denied because Plaintiff failed to exhaust his administrative remedies under the PLRA.

  B. <u>Whether the Magistrate Judge Erred by Finding that there Were No Genuine Disputes of Fact Regarding Plaintiff's Medical Treatment</u>

Plaintiff also objects to the R&R's finding that there is no genuine dispute of material fact as to whether Defendant provided adequate medical care to him. (Doc. No. 60 at 44-45). In support of this objection, Plaintiff claims that the Magistrate Judge did not receive or consider his response to Defendant's Statement of Facts. (Doc. No. 63 at 3-6).

As a procedural matter, the R&R found that there were no genuine disputes of material fact regarding Plaintiff's medical treatment because Plaintiff failed to respond to Defendant's Concise Statement of Undisputed Facts. (Doc. No. 60 at 36). But this finding did not control the recommended disposition, as the Magistrate Judge nonetheless examined whether Defendant met

4

its burden for summary judgment under Federal Rule of Civil Procedure 56. (Doc. No. 60 at 36–37). The Court agrees with the Magistrate Judge's approach, particularly given that it is inappropriate to grant a Motion for Summary Judgment solely on the ground that a plaintiff failed to respond properly. See Thomas v. Garner, No. 1:18-cv-00048, 2020 WL 4757054, at *10 (M.D. Tenn. Aug. 17, 2020); see also (Doc. No. 60 at 36 (citing Stough v. Mayville Cmty. Sch., 138 F.3d 612, 614 (6th Cir. 1998)). Rather, a district court must at least "examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden . . . of demonstrating the absence of a genuine issue as to a material fact." Thomas, 2020 WL 4757054, at *10 (internal citations and quotations omitted).

Here, Defendant submitted four separate declarations from medical professionals and jail administrators that each conclude that Defendant treated Plaintiff appropriately. (Doc. Nos. 38-2; 38-3; 38-4; 38-5). For example, Jail Medical Director Casey Dillon opined that "Plaintiff has received prompt and appropriate medical treatment for all of his medical complaints and conditions," and that "all of his medical attention has been within the standard of care." (Doc. No. 38-3). Given that even Plaintiff admits that he did not properly respond to Defendant's Statement of Facts, (see Doc. No. 63 at 3), the Court deems the facts about Plaintiff's medical treatment admitted for purposes of summary judgment. See M.D. Tenn. R. 56.01(f) (providing that a court shall deem facts not timely responded to as undisputed for purposes of summary judgment).

But even if Defendant's proposed facts are admitted under the Court's local rules, Plaintiff argues that there are nevertheless genuine disputes of material fact as to Defendant's purported lack of medical treatment. (Doc. No. 63 at 5–6). In support of his argument, Plaintiff simply references and attaches a Health Services Agreement between him and Defendant. (Doc. No. 63 at 21–34). But that agreement does not create a genuine dispute of fact regarding the conclusions

enumerated in the declarations of medical professionals and jail administrators that Defendant submitted into the record. (Doc. Nos. 38-2; 38-3; 38-4; 38-5). And even if they did, Plaintiff's objections are an improper vehicle to reiterate the pleadings at this stage of the litigation. See Bradley v. United States, 2018 WL 5084806, at *3 (6th Cir. Sep. 17, 2018) ("A party's objections are not sufficiently specific if they merely restate the claims made in the initial [pleading]"). Accordingly, the Court concludes that Defendant is entitled to summary judgment because there is no genuine dispute of material fact as to the medical care provided to Plaintiff.

**IV. CONCLUSION**

For the foregoing reasons, the R&R (Doc. No. 60) is **APPROVED AND ADOPTED**. Plaintiff's Motion for Summary Judgment (Doc. No. 20) is **DENIED**. Defendant's Motion for Summary Judgment (Doc. No. 36) is **GRANTED**. All other pending motions are **TERMINATED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk is directed to enter Judgment in a separate document in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE